

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTY M. WAGNER,

          Plaintiff,

-against-

SUNPOWER CORPORATION,
SUNPOWER CORPORATION SYSTEMS,

          Defendants.

16-CV-7298 (LTS)

**ORDER TO SHOW CAUSE**

LAURA TAYLOR SWAIN, United States District Judge:

    Plaintiff, an attorney, paid the filing fee to bring this *pro se* employment discrimination action. By order dated September 26, 2016, the Court alerted Plaintiff that her complaint did not comply with federal pleading rules, and directed her to amend her complaint within sixty days. The order specified that failure to comply would result in dismissal of the action for failure to state a claim. On September 28, 2016, and October 4, 2016, Plaintiff filed affidavits of service, but she has not filed an amended complaint or otherwise communicated with the Court.[1]

    The Court has the authority to dismiss a frivolous complaint even when the plaintiff has paid the filing fee. *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)). Moreover, the court "has the power to dismiss a complaint *sua sponte* for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir.1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam);

---

[1] The September 26, 2016 order stated that Defendants were not required to submit an answer until further notice.

*see also Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir.1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n.3.

The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). "The appropriate degree of special solicitude is not identical, however, with regard to all *pro se* litigants," and a lawyer representing himself ordinarily receives no such solicitude at all. *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010); *see also Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (*pro se* attorneys "cannot claim the special consideration which the courts customarily grant to pro se parties").

The Court granted Plaintiff leave to amend her complaint to address deficiencies in her original pleading, and she has failed to do so. Plaintiff is directed within thirty days from the date of this order to file a written submission showing as to why this action should not be dismissed for failure to state a claim. Defendants are not required to submit a response. If Plaintiff fails to comply within the time allowed, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 16, 2016
New York, New York

_____
LAURA TAYLOR SWAIN
United States District Judge

Copy Mailed To:
Kristy M. Wagner
7 Richard Lane
Huntington, NY 11743